Kirkpatrick C. J.
The plaintiff, in this case, demands of the defendant 100 dollars for this; that the said defendant, caused the goods of the plaintiff to be seized in Bucks county, in the commonwealth of Pennsylvania, by virtue of an execution fraudulently obtained there, for ISO dollars, when the sum justly due, did not exceed 60 dollars. And that he caused the said goods to be removed, and detained nine months.
Upon this state of demand, the justice summoned a jury, and proceeded to try the cause.
The justice in his return, states, that the defendant gave in evidence on the trial, the proceedings of the court of Common Pleas of the said county of Bucks, in an action there, wherein the said Beaumont was plaintiff, and the said Dunn defendant, a copy of which said proceeding, certified in due form of law, accompanies the said return. By these proceedings it appears, that *a judgment was entered for Beaumont, in the term of March 1816, and that execution was issued thereupon, returnable to the May term following ; that in May term, there was a rule upon *119 the plaintiff to shew cause on the first day of the next term, why the said execution, and the levy, made by virtue thereof, should not be set aside; that in August term, it was ordered that further proceeding on the said execution should be staid, until the further order of the court, but that in the mean time, the said judgment, execution and levy, should remain as security for what should be due to the plaintiff; and that in December term, a sale of the said goods was ordered to be made to the amount of 57 dollars and 40 cents.
The justice further states, that there was no evidence, nor was it even pretended, that the said goods had ever come into the actual possession of Beaumont the defendant; but that on the contrary, it was admitted that the taking and detaining complained of, were by the sheriff of the said county of Bucks, by virtue of the judgment and execution aforesaid, and also by 'virtue of another judgment and execution in the same court, in an action wherein one Coryell was plaintiff, against the said Dunn; and that part of the said goods were sold to satisfy Coryell’s execution, and the remainder of them to satisfy this of Beaumont. And that there was no other taking.
And upon this case the j,ury found a verdict, and the justice entered judgment against the defendant for 75 dollars. This judgment must be reversed.
Southard J.
The proceedings in this case, seem to be regular, but there are radical errors in the state of demand, and the claim of the plaintiff, which ought to have prevented a judgment in his favour. The state of demand is in this wise: he complains for that, the defendant, on or about the 28th March 181G, caused the goods of the plaintiff to be seized, for 190 dollars, in the county of Bucks, state of Pennsylvania, by virtue of an execution fraudulently obtained, for the sum of 180 dollars, inasmuch as the sum due him did not exceed GO dollars, and being so seized, caused the same to be removed, to an out building not suitable to the storage of goods of their description, consisting of beds and bedding and other articles of household furniture, subject to be easily damaged, and unnecessarily detained them nine months *or *120 thereabout, to the damage &c.—A more insufficient state demand, and cause of action, could scarcely be presented, by the most ignorant party in a court of justice.
1. The acts of which he complains, are not those of the defendant, but necessarily those of the sheriff. The sheriff and not the party is responsible for any injury of the kind. He acts for himself and not as the agent of the defendant.
2. No action will lie in this county, for the misconduct of the sheriff of Bucks, Pennsylvania, in this performance of his official duties.
3. No action will lie, for causing a public officer, to perform his duty negligently.
4. The state of demand, is altogether indefinite, as to the goods injured. What goods were they ? How could the defendant or any body else, come prepared to answer as to any specific goods ?'
It is unnecessary to pursue the case further; though other defects are apparent, and other reasons are readiy found why the plaintiff below, should not have had judgment. It is even manifest from the record which was in evidence from the Common Pleas of Backs county, that the goods weré taken, under another execution, as well as that of Beaumont’s, and that the delay complained of, arose from an order of the court, made upon the motion of the plaintiff himself.
Judgment reversed.